■ In the Matter of the Claim of SAM SKLAR, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 2, 1975, which affirmed a referee's decision that he was without jurisdiction to rule on an initial determination of the Industrial Commissioner, on the ground that claimant's request for a hearing was untimely. The notices of initial determination of misconduct and ineligibility were mailed to claimant on September 20. Claimant did not request a hearing until he refiled his claim for benefits in February of 1975. The board was, therefore, without jurisdiction to decide the issue of claimant's disqualification on the merits. Decision affirmed, without costs. Greenblott, J. P., Koreman, Main, Larkin and Reynolds, JJ., concur.

■ In the Matter of the Claim of ROBERT WILLIAMS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 4, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective October 5, 1974 because he voluntarily left his employment without good cause, and holding that he willfully made false statements to obtain benefits for which a forfeiture of four effective days are imposed. The variances between claimant's statements at the hearing before the referee and those attributed to him at the insurance office were for the board to resolve *(Matter of Rubinstein [Catherwood]*, 33 AD2d 950). As found by the board, even if claimant's contentions were accepted, his action in absenting himself from work for an extended period constituted an abandonment of his job. The board's conclusion that the evidence would not support a finding that claimant was injured and unable to work was proper. He did not consult a doctor and did not seek workmen's compensation. In the circumstances, claimant voluntarily left his employment without good cause. Although claimant cannot read or write, the statement on his claim form that he was not working for his last employer because "layoff, slow" was placed there by his wife at his request and he is, therefore, chargeable with knowledge of the statement and its falsity. He had been replaced at his employment and there was no work for him. The findings by the board are supported by substantial evidence. The contention that claimant was denied due process at the hearing is without merit. Decision affirmed, without costs. Greenblott, J. P., Koreman, Main, Larkin and Reynolds, JJ., concur.